The attorney for the defendants will draw the necessary order.

THE STATE OF NEW JERSEY, PLAINTIFF, v. GERALD ALAN ROTHFELD, DEFENDANT.

Superior Court of New Jersey
Law Division (Criminal)
Monmouth County

Decided October 12, 1979.

*Mr. Joseph Meehan* for defendant (*Messrs. Meehan* and *Kenny*, attorneys).

*Mr. John R. Connelly, Jr.*, Assistant Prosecutor for the State (*Mr. Alexander D. Lehrer*, Monmouth County Prosecutor, attorney).

McGANN, J. S. C.

Defendant applies for resentencing under *N.J.S.A.* 2C:1–1(d)(2).

On June 30, 1976 Rothfeld pleaded guilty to two separate counts of indecent exposure, in violation of *N.J.S.A.* 2A:115–1. He had had a number of similar offenses as a juvenile. After evaluation at the Adult Diagnostic and Treatment Center he was reported as falling within the purview of the Sex Offender Act but placement on probation was recommended. Accordingly, on December 6, 1976 he was sentenced on each count to an indeterminate term at the Youth Correctional Institution Complex; the sentences were made concurrent and suspended. A probationary term of three years was imposed.

On May 1, 1978 Rothfeld was sentenced to 120 days in the Monmouth County Jail by the Ocean Township Municipal Court for indecent exposure and shoplifting occurring on April 26, 1978. When brought back before this court on a charge of violating his probation he pleaded guilty. This court ordered a new evaluation by the Adult Diagnostic and Treatment Center. That report confirmed that Rothfeld fell within the purview of the Sex Offender Act, seemed to indicate that he should be institutionalized under the Sex Offender Act, but concluded, again, by recommending probation with a condition that out-patient psychiatric treatment be sought. That recommendation was followed. On August 11, 1978 a suspended sentence to the Youth Correctional Institution Complex was imposed, with a three-year period of probation and a condition of out-patient treatment. On August 23, 1978 he was arrested for another indecent exposure event and sentenced on September 5, 1978 by the Asbury Park Municipal Court to six months in the Monmouth County Jail. He was again noticed with a violation of probation. He once more pleaded guilty. He was sentenced to consecutive indeterminate terms on each count to the Adult Diagnostic and Treatment Center on September 29, 1978. This motion is directed to that sentence.

Indecent exposure (lewdness) was a misdemeanor under *N.J. S.A.* 2A:115–1, with a maximum custodial sentence of three years (*N.J.S.A.* 2A:85–7). Under the New Jersey Penal Code (*N.J.S.A.* 2C:14–4) lewdness is a disorderly persons offense. It bears with it a maximum penalty of six months in jail.

Gerald Rothfeld is still in the Adult Diagnostic and Treatment Center. He has been there since September 29, 1978. Quite obviously, the medical authorities do not think he is ready to be released; his underlying psychological problem has not been cured. He is almost 22 years old.

*N.J.S.A.* 2C:1–1(d)(2) provides in pertinent part:

Any person who is under sentence of imprisonment on the effective date of the code for an offense committed prior to the effective date which has been

eliminated by the code or who has been sentenced to a maximum term of imprisonment for an offense committed prior to the effective date which exceeds the maximum established by the code for such offense and who, on said effective date, has not had his sentence suspended or been paroled or discharged, may move to have his sentence reviewed by the sentencing court and the court may impose a new sentence, for good cause shown as though the person had been convicted under the code  .   .   . .

Rothfeld qualifies to make this motion.  He was sentenced to a maximum term of imprisonment which exceeds the maximum established by the Code for the same offense.  Indecent exposure, as prohibited by *N.J.S.A.* 2A:115–1, is the same act now prohibited by *N.J.S.A.* 2C:14–4.

Indecent exposure is not an offense which has been eliminated by the Code.  The Code has downgraded the offense from the criminal to the disorderly degree of seriousness.  However, were Rothfeld to have committed the same acts after the effective date of the Code he could not have been treated under the current Sex Offender Act (*N.J.S.A.* 2C:47–1 *et seq.*) and could be given no more than one year in jail by way of sentence.

Being properly before the court, defendant is required to show good cause before a new (and lesser) sentence may be imposed.  *N.J.S.A.* 2C:1–1(d)(2), *supra*.  His moving papers show none.  Resentencing in this case would do neither the State nor Rothfeld any good.  He is at the Adult Diagnostic and Treatment Center so that his emotional problem may be treated.  He submits no medical documentation.  If the medical authorities deem it appropriate, he can be released at any time.  The judgment involved is medical—not judicial.  There is no reason to change the sentence imposed.

The motion is denied.